ORDER OF DISBARMENT

The Court, sitting en banc, considered the Formal Complaint of The Mississippi Bar (“the Bar”), against Davis Hall Smith (“Mr. Smith”), as well as all pleadings filed in this cause; and the Court, being further fully advised in the premises, is of the opinion that the relief requested in the Formal Complaint should be granted, and specifically finds:
1. That the Court has jurisdiction of both the parties and subject matter hereto;
2. That the Bar filed its Formal Complaint against Mr. Smith pursuant to the provisions of Rule 6 of the Rules of Discipline, requesting that Mr. Smith be disbarred from the practice of law in the State of Mississippi;
3. That the Bar alleged in said Formal Complaint that on or about February 11, 1994, Mr. Smith pled guilty to and was convicted of two counts of the crime of embezzlement in violation of § 97-23-19 of the Mississippi Code of 1972, as Amended, in the Circuit Court of Rankin County, Mississippi, Causes 4337 and 4335;
4. That the Bar also alleged in said Formal Complaint that the crime for which Mr. Smith was convicted is among the types of offenses contemplated by Rule 6 of the Rules of Discipline, in that said crime is a felony warranting the imposition of automatic disbarment;
5. That on or about April 1, 1994, Mr. Smith was ordered to serve two concurrent five (5) year terms in the custody of the Mississippi Department of Corrections, and to pay restitution to Trustmark National Bank in the sum of $74,618.33 and to Trina Lynn Pucket Bunch in the sum of $22,500. Restitution is to be prorated among the victims in the proportion that their individual claim bears to the combined claim. Mr. Smith was also ordered to pay other various fees, costs and assessments and to immediately withdraw from the Mississippi Bar and surrender his license to practice law in this State. Upon information and belief (from checking with the Clerk of the Circuit Court of Rankin County, Mississippi, on June 21, 1994), Mr. Smith has not filed an appeal of said conviction and sentence, and the time for filing said appeal has expired;
6. That the Judgment of Conviction in said cause constitutes a final conviction and constitutes conclusive evidence of Mr. Smith’s guilt of the underlying crime; and according to Rule 6(a) of the Rules of Discipline, Mr. Smith should be immediately disbarred from the practice of law in the State of Mississippi;
7. That on the 18th day of August, 1994, this Court entered its Order to Show Cause granting Mr. Smith thirty (30) days to show cause as to why the Bar’s prayer for relief in its Formal Complaint should not be granted;
8. That no appeal contesting Mr. Smith’s conviction or sentence has been filed, and that the time for said filing has expired; and
9. That the Bar is entitled to recover of and from Mr. Smith the costs and expenses it incurred in this cause and that the Bar shall within a reasonable time after this Order becomes final file with the Clerk of this Court a Motion for Costs and Expenses.
IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:
A. For Mr. Smith’s conviction for the crime described herein, he should be and is hereby DISBARRED;
B. This Order of Disbarment shall constitute Notice of Disbarment in this cause;
C. Mr. Smith shall pay to the Bar its costs and expenses in this cause and that the Bar shall file its Motion for Costs and Expenses within a reasonable time after the date of the entry of this Order;
D. The Clerk of the Mississippi Supreme Court shall forward an attested copy of this Order to the Judges of the County, Circuit and Chancery Courts in and for Rankin County, Mississippi, and the Senior Judges of said Court shall enter this Order upon the minutes of their respective Courts;
*942 E. The Clerk of the Supreme Court of Mississippi shall forward an attested copy of this Order to the Clerks of the United States District Courts in and for the State of Mississippi, to the Clerk of the United States Court of Appeals for the Fifth Circuit, and to the Clerk of the United States Supreme Court; and,
F. This Order shall in all respects be a public record, to remain in full force and effect until further Order of this Court.
SO ORDERED.
/s/ Michael Sullivan JUSTICE MISSISSIPPI SUPREME COURT FOR THE COURT
DAN M. LEE, P.J., and PITTMAN, J., not participating.